UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TONY JEROME BARR,
    Petitioner

                                                                                  PRISONER
V.                                                      Case No.  3:09CV942(VLB)

ERIC WILSON
STATE OF CONNECTICUT,
    Respondents

**MEMORANDUM OF DECISION AND ORDER TRANSFERRING PETITIONER'S SECOND OR SUCCESSIVE HABEAS PETITION PURSUANT TO 28 U.SC. § 1631**

      The Petitioner was an inmate incarcerated at the United States Penitentiary McCreary in Pine Knot, Kentucky, when he filed this petition for writ of habeas corpus pursuant to [28 U.S.C. § 2254](#).  He challenges a 1988 assault and robbery conviction.  For the reasons set forth below, the petition will be transferred to the United States Court of Appeals for the Second Circuit, pursuant to [28 U.S.C. § 1681](#).

      On November 28, 1986, police officers arrested petitioner and charged him with robbery.  The Petitioner was subsequently released on bail.  On May 25, 1987, the Petitioner was arrested and charged with assault.  On December 13, 1988, in the Connecticut Superior Court for the Judicial District of Fairfield, the Petitioner pleaded guilty to a charge of robbery in the second degree in connection with his November 28, 1986 arrest and pleaded guilty to the charge of assault in connection with his May 25, 1987 arrest.  The Petitioner was sentenced to four years of imprisonment on the assault charge and thirty months of imprisonment on the

robbery charge to be served concurrently with the four year sentence.  The Petitioner did not appeal these convictions.  (See Pet. Writ Habeas Corpus at 1-3 and Attach. D.)

In 1997, the Petitioner filed a petition for writ of habeas corpus in state court challenging the 1988 conviction.  On June 19, 1998, the Connecticut Superior Court dismissed the petition.  Petitioner did not appeal the dismissal of the petition.  In July 1999, petitioner attempted to file a second state habeas petition challenging his 1988 conviction.  He claims that the petition remains pending.  On May 6, 2009, the Petitioner filed a petition for writ of mandamus seeking intervention by the Appellate Court of the State of Connecticut.  The Appellate Court dismissed the petition on May 13, 2009, noting that it did not have jurisdiction to enter the writ sought by the Petitioner.  The Petitioner did not appeal this dismissal to the Connecticut Supreme Court.

On July 26, 1991, law enforcement officers arrested the Petitioner in Bridgeport, Connecticut on drug and firearms charges.  See U.S. v. Barr, 892 F. Supp. 51, 53 (D. Conn. 1995).  In July 1992, a jury in this court found the petitioner guilty of one count of conspiracy to possess cocaine in violation of 21 U.S.C. § 846, one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one count of carrying a firearm in connection with a drug offense in violation of 18 U.S.C. § 924(c)(1).  See United States v. Morales, Case no. 5:91CR49 (WWE).  On January 19, 1993, Judge Eginton sentenced the petitioner to concurrent terms of 210 months of imprisonment on the first two counts, a consecutive term of

sixty months of imprisonment on the third count and concurrent terms of five years or supervised release on all three counts. Id.  The petitioner claims that his current federal sentence was enhanced by the 1988 state conviction on the robbery charge.  (See Pet. Writ Habeas Corpus at 19 and Attach. B, D .)

A federal court may not entertain a habeas petition challenging a state conviction unless the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3).  It is the petitioner's burden to demonstrate that he or she is in custody pursuant to a state court judgment.  See Lackawanna County District Attorney v. Cross, 532 U.S. 394, 401 (2001).  The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack.  See Garlotte v. Fordice, 515 U.S. 39, 41 (1995).

The petitioner asserts that he is challenging his 1988 Connecticut conviction for robbery for which he received a sentence of thirty months.  Petitioner concedes that he has already served his 1988 sentence.  (See Pet. Writ Habeas Corpus Attach. B at 5.)  Thus, the petitioner is no longer in custody pursuant to that sentence and the court lacks jurisdiction to entertain such an action.

In Maleng, the Supreme Court held that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because" that conviction had been used to enhance a subsequent sentence.

3

490 U.S. at 493. The Court acknowledged, however, that Maleng had "satisfied the 'in custody' requirement for federal habeas jurisdiction" because his §2254 petition "[could] be read as asserting a challenge to [his present sentences,] as enhanced by the allegedly invalid prior conviction." Id. at 493-94. Thus, it is permissible for the court to construe the instant § 2254 petition as a challenge to Petitioner's current federal sentence as enhanced by the allegedly improper 1988 conviction for robbery. See Lackawanna County District Attorney, 531 U.S. at 401-02.

The docket sheet of the petitioner's federal criminal case, however, reflects that the petitioner filed a prior motion to vacate or set aside his sentence in June 1994. See United States v. Morales, Case no. 5:91CR49 (WWE) (D. Conn. filed June 7, 1994). On May 10, 1995, the court denied the motion on the merits. See Barr, 892 F. Supp. at 57. On April 1, 1996, the Second Circuit Court of Appeals considered the petitioner's appeal of the judgment of conviction as well as the denial of the § 2255 motion and affirmed both decisions. See U.S. v. Preston, 101 F. 3d 681 (table), 1996 WL 146505 (2d Cir. Apr. 1, 1996), cert denied sub nom., Barr v. U.S., 519 U.S. 875 (1996).[1]

The Second Circuit has stated that "district courts should not recharacterize

---

[1] The court notes that the petitioner filed a second motion to vacate or set aside sentence in June 2001. See United States v. Morales, Case no. 5:91CR49 (WWE) (D. Conn. filed June 29, 2001). On August 10, 2001, petitioner moved to have the motion transferred to the Court of Appeals for the Second Circuit for permission to file it as a second or successive § 2255 motion. (See id., Doc. No. 39.) On October 25, 2001, the Second Circuit denied petitioner leave to file a second § 2255 motion. (See id., Doc. No. 43.) On May 2, 2008, Judge Eginton deemed the second § 2255 motion as moot in view of the Second Circuit's decision denying the petitioner leave to file it. (See id., Doc. No. 45.)

a motion purportedly made under some other rule as a motion made under § 2255 unless" the petitioner receives notice and an opportunity to withdraw.  See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998).   In Jiminian v. Nash, 245 F.3d 144, 148 (2d Cir. 2001), however, the Second Circuit held that a district court need not provide an inmate with notice and an opportunity to withdraw the petition if a prior § 2255 motion had been dismissed on the merits.   The court has already dismissed a prior §2255 motion filed by the petitioner on the merits.  See Barr, 892 F. Supp. at 57.  Thus, the Court may construe the § 2254 petition as a § 2255 motion to vacate or set aside the petitioner's federal sentence as enhanced by the allegedly invalid 1988 state conviction without giving petitioner notice and the opportunity to withdraw the instant petition.  See Jiminian v. Nash, 245 F.3d 144, 148 (2d Cir. 2001).

Because the petitioner filed a § 2255 motion prior to initiating this action and the court decided the prior motion on the merits, the court may not entertain the petitioner's second or successive §2255 motion unless the Court of Appeals for the Second Circuit has issued an order authorizing the filing of that motion in this court. See 28 U.S.C. § 2244(b)(3); Nelson v. United States, 115 F.3d 136, 136 (2d Cir. 1997) (per curiam) (vacating "for lack of jurisdiction" a district court judgment that dealt with a successive § 2255 motion "on its merits" where this Court had not granted authorization for the filing of that motion).  The Second Circuit has ruled that when a district court is presented with a second or successive habeas petition or §2255 motion, the appropriate procedure is for the district court to transfer the petition or motion to the Circuit pursuant to 28 U.S.C. § 1631 for a determination under 28

U.S.C. §§ 2244(b)(3)(A) and 2255(h) as to whether the petitioner should be permitted to file a second or successive habeas petition or motion in the district court.  See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam).

Accordingly, this court will follow the instruction provided in Liriano and transfer this petition, construed as a §2255 motion challenging the petitioner's present federal sentence as enhanced by his prior 1988 state conviction, to the United States Court of Appeals for the Second Circuit in the interest of justice, pursuant to 28 U.S.C. §1631.

### Conclusion

In accordance with the requirements of 28 U.S.C. §§ 2244 and 2255 and pursuant to 28 U.S.C. § 1631, the Clerk is directed to transfer this case to the United States Court of Appeals for the Second Circuit to enable the Circuit Court to determine whether the claims raised in this second or successive section 2255 motion should be considered by the district court.

SO ORDERED this 28th day of April 2010, at Hartford, Connecticut.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge